### NATIONAL LABOR RELATIONS BOARD v. KELLBURN MFG. CO., Inc.

No. 243.

Circuit Court of Appeals, Second Circuit.

May 28, 1945.

Louis Libbin, Alvin J. Rockwell, Gen. Counsel, Malcolm F. Holliday, Associate Gen. Counsel, Owsley Voss, and Margaret M. Farmer, all of Washington, D. C., for petitioner.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM:

This is a motion by the National Labor Relations Board for an order enforcing its cease and desist order against the respondent, which does not appear, al-

though it has filed a letter, declaring that the respondent "found itself in a hopeless financial condition and was therefore forced to close its doors." The question at once arises of the proper extent of our review in such a case. Section 160(e) of Title 29 U.S.C.A. provides that upon petition by the Board the court shall have power "to make and enter upon the pleadings, testimony, and proceedings * * * a decree enforcing, modifying * * * or setting aside in whole or in part the order of the Board." As is well understood, an enforcement proceeding is therefore, a combination of an appeal from the order, and a motion to enforce it. In its first aspect, i. e., as an appeal, we think that it rests upon the respondent to show at least that the findings have no substantial support in evidence; and, if so, it follows that when, as here the respondent defaults, it is not necessary to make that examination. We are called upon therefore to go no further than to examine the findings, decide whether they support the order, and whether the order itself is in accordance with the statute. The decision of the Board has, for the most part, incorporated the intermediate report of the examiner, although it modified it in some particulars; the findings contained in both do support the order, and the order is in accordance with the statute. The Board is therefore entitled to the usual enforcement order.

It also asks that, in view of the possibility that the respondent may be in process of liquidation before the amounts of back pay can be liquidated, our order shall include a provision that the assets shall not be distributed until a liquidation has been had, or until our leave is procured that the liquidation proceed. The order may include such a provision.

Let an enforcement order pass.