## NATIONAL LABOR RELATIONS BOARD v. INDUSTRIAL METAL FABRICATORS, Inc. (two cases).

### Nos. 9106, 9108.

Circuit Court of Appeals, Seventh Circuit.

Nov. 23, 1946.

A. Norman Somers, Asst. Gen. Counsel, David A. Morse, and Henry W. Lehmann, Attys., N.L.R.B., all of Washington, D. C., Gustaf B. Erickson, Atty., N.L.R.B., of Chicago, Ill., and Gerhard P. Van Arkel, Gen. Counsel, Morris P. Glushien, Assoc. Gen. Counsel, both of Washington, D. C., Marcel Mallet-Prevost, Atty., N.L.R.B., for petitioner.

Thomas J. Downs, of Chicago, Ill., for respondent.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

In cause No. 9106 the National Labor Relations Board, after a hearing, made its findings that the respondent had violated Sections 8(3) and 8(1) of the National Labor Relations Act [1] and entered an order accordingly on July 31, 1945. At the hearing the respondent was represented by Mr. Thomas J. Downs of the firm of Downs, Scheib and Powell, 135 South LaSalle Street, Chicago, Illinois.

On May 28, 1946, the Board sent by registered mail to Mr. Downs at the above address a copy of its petition for enforcement of the order and a designation of the record. On May 31, 1946, a petition for enforcement of the order was filed in the office of the clerk of this Court. On the same day the clerk notified Downs that the petition for enforcement was that day docketed under No. 9106 and enclosed a copy of the petition, the Board's designation of the record, and a blank form for counsel's appearance to be signed and returned. No appearance was ever entered for or on behalf of the respondent.

On September 18, 1946, the Board sent three copies of its brief by registered mail to said Downs at the above address. No answer brief was ever filed. On October 10, 1946, the clerk of this Court notified Downs at said address that the cause was set for argument November 12, 1946. On that date the attorney for the petitioner appeared, but there was no appearance for the respondent.

In cause No. 9108 the Board after a hearing made specific findings that the respondent had violated Sections 8(3), 8(2), and 8(1) of the National Labor Relations Act and entered an order accordingly. At this hearing the respondent was represented by Mr. John D. O'Connor and Mr. Thomas J. Downs of the firm of Downs, Scheib and Powell, 135 South LaSalle Street, Chicago, Illinois.

On May 29, 1946, the Board sent by registered mail to Downs, Scheib and Powell at the above address, attention John D. O'Connor and Thomas J. Downs, a copy of its petition to enforce the above order and its designation of the record. On June 1, 1946, the Board filed said petition and designation of the record in the office of the clerk of this Court. The clerk by letter of the same date notified Downs that the petition for enforcement was that day docketed under No. 9108 and enclosed a copy of the petition and an appearance form for counsel to sign and return. No appearance was ever entered.

On September 25, 1946, the Board sent three copies of its brief by registered mail to O'Connor and Downs at the above address. No answer brief was ever filed.

---

[1] 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

On October 10, 1946, the clerk of this Court notified Downs that the cause was set for argument November 12, 1946. On that date the attorneys for the petitioner appeared for argument, but there was no appearance for the respondent.

The respondent has been duly and legally notified of the petitions of the Board for the enforcement of said orders by this Court. It has failed to appear or in any manner to respond to said notices, and the Board's findings and orders are before us unchallenged by the respondent.

We have examined the Board's findings and orders and we are of the opinion that said findings in each cause are sufficient to support the respective order, and the orders entered by the Board in each cause are in accordance with said findings and the statute. Since there is no reason shown why said findings and orders are not valid and should not be enforced, the petitions of the Board are granted, and the orders of the Board will be enforced. National Labor Relations Board v. Kellburn Mfg. Co., Inc., 2 Cir., 149 F.2d 686.

Let an enforcement order be entered.