## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FLORA CONSTRUCTION COMPANY and Argus Construction Company, doing business as Flora and Argus Construction Company, Respondents.

### No. 6884.

United States Court of Appeals Tenth Circuit.

Nov. 30, 1962.

Marcel Mallet-Prevost, Asst. General Counsel, and Paul J. Spielberg, Washington, D. C., Attorney (Stuart Rothman, General Counsel, and Dominick L. Manoli, Associate General Counsel, on brief), for petitioner.

No appearance for respondents.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

By this proceedings, the National Labor Relations Board seeks enforcement of its order finding that Flora Construction Company and Argus Construction Company, doing business as Flora and Argus Construction Company, had engaged in unfair labor practices, by interfering with, restraining and coercing its employees in the exercise of their bargaining rights guaranteed under Sec. 7 (29 U.S.C. § 157), in violation of Sec. 8(a) (1) (29 U.S.C. § 158), and by discharging seven employees because of their union activities in violation of Sec. 8(a) (3) (29 U.S.C. § 158).

Petitioner filed a brief in support of enforcement and counsel appeared for oral argument. Walter W. Flora filed an answer brief and appeared for oral argument, as President and Stockholder, on behalf of Flora Construction Company. Upon authority of Flora Construction Co. v. Fireman's Fund Insurance Co., 10 Cir., 307 F.2d 413, the Court advised Mr. Flora that he could not appear on behalf of the corporation, since he was not a member of the Bar. Mr. Flora was advised, however, that an extension of time would be granted, to enable him to retain legal counsel to represent the corporation, if he so desired. The offer was declined, and the Court thereupon struck the Respondents' brief and took the Pe-

tition on the record, the Board's brief, and a statement by its counsel.

In these circumstances, our review will be limited to an examination of the findings, to determine whether they support the Board's order, and whether the order is in accordance with the applicable statutes. See: N. L. R. B. v. Kellburn Mfg. Co., Inc., 2 Cir., 149 F.2d 686; N. L. R. B. v. Industrial Metal Fabricators, Inc., 7 Cir., 158 F.2d 14; N. L. R. B. v. Eva-Ray Dress Mfg. Co., 5 Cir., 191 F.2d 850; N. L. R. B. v. Auburn Curtain Co., Inc., 1 Cir., 193 F.2d 826; and, N. L. R. B. v. Wagner Iron Works, etc., 7 Cir., 220 F.2d 126, 132.

The Board adopted the findings, conclusions and recommendations of its Trial Examiner, with respect to the Sec. 8(a) (1) unfair labor practices. It also adopted the Trial Examiner's findings, with respect to Sec. 8(a) (3) discriminatory discharges of employees Steve Bolan, Jack Cuddy, Vince Jahner, Samuel J. Wilson, Herbert Schuchardt and Jerry Sutton. As to employee, McCaslin, the Examiner found that the complaint impliedly conceded his unconditional reinstatement on January 12, 1960; that the question whether his subsequent resignation on January 15, 1960 amounted to a constructive discharge was not a tendered issue in the case; and, that the General Counsel's contention in that respect must, therefore, be rejected. The Examiner recommended, however, that Respondents be required to offer McCaslin reinstatement, and that he be made whole until offered unconditional reinstatement. Consistent with the Examiner's findings, but contrary to his recommendations, the Board concluded that the question of McCaslin's resignation on January 15, 1960 was not an issue in the case; that Respondents should not be required to offer McCaslin reinstatement; and, that he be made whole for any loss only to January 12, 1960, the date of his unconditional reinstatement.

We are convinced that the Board's order is supported by its findings, is in accordance with the statutes, and it will be enforced.