**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FLORA CONSTRUCTION COMPANY and Argus Construction Company, doing business as Flora and Argus Construction Company, Respondents.**

**No. 6884.**

United States Court of Appeals Tenth Circuit.

Dec. 9, 1965.

Morton Namrow, Washington, D. C. (Arnold Ordman, Dominick L. Manoli, Marcel Mallet-Prevost, and Glen M. Bendixsen, Washington, D. C., with him on brief), for petitioner.

Mildred Flora, pro se, for respondents.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

When this case was here (10 Cir., 311 F.2d 310) for enforcement of the Board's decision, we sustained its findings that the respondent had discriminatorily discharged seven named employees in violation of § 8(a) (3), 29 U.S.C. 158. The remedial order required respondent to restore the discharged employees to their former or substantially equivalent positions and to make them whole. We enforced the decree.

When the parties were unable to agree on specific amounts of backpay due each of discriminatees, the Board conducted proceedings to determine such amounts. Adopting the findings of its trial examiner, the Board entered a supplemental order determining and awarding the exact amounts due each of the employees. The respondent has appealed pro se [1] contending in substance that five of the discharged employees were incompetent or incapable of performing the only available work, i. e. installation of equipment in a power plant; and that as to the other two discharged employees (Wilson and McClaslin) no employee replaced either of them during the backpay period and no work within their job classification was performed.

The Board's simple answer to this argument was that having conclusively found that each of the employees had been discriminatorily discharged, it would be inconsistent to now hold that they were not entitled to reinstatement and backpay because of the unavailability of suitable employment; that in any event the finding of discriminatory discharges carried with it the implication that suitable employment was available and the respondent had not overcome the prima facie case. We agree.

As to Wilson and McClaslin, the Board refused to relitigate the cause of their discharge and refused to speculate whether suitable work would have been available for them for the short period of their discriminatory layoff. We think the Board's findings are amply supported by the record.

In determining the amount of backpay due each of the discriminatees, the Board adopted its trial examiner's approximation of the loss to each of them based upon a proportionalizing formula and interim earnings. We cannot say that the formula was improper or that the Board's computations based thereon are inaccurate. See National Labor Relations Board v. Ozark Hardwood Company, 8 Cir., 282 F.2d 1, 7.

The supplemental decree will be enforced.

1. In the former appeal we refused to permit Mr. Flora to appear pro se in behalf of his controlled corporation. On this appeal we allowed Mrs. Flora to appear pro se on the representation that she was in some way liable to the discriminatees for backpay ordered by the Board.