**In re GENERAL ATHLETIC PRODUCTS COMPANY, Debtor.**

**GENERAL ATHLETIC PRODUCTS COMPANY, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Bankruptcy No. C-3-79-353.**

United States District Court, S.D. Ohio, W.D.

Oct. 31, 1983.

General Athletic Products Company, pro se.

Aileen Armstrong, Washington, D.C., John Kollar, Cleveland, Ohio, for respondent.

## DECISION AND ENTRY DISMISSING THE BANKRUPTCY APPEAL; TERMINATION ENTRY

RICE, District Judge.

This is an appeal from a decision by the Bankruptcy Court for the Southern District of Ohio, Western Division. The National Labor Relations Board ("NLRB") appeals from a decision wherein that Court, ex parte, enjoined the NLRB from conducting further proceedings regarding the General Athletic Products Company. This appeal arises out of two proceedings: an unfair labor practice complaint before the NLRB and the reorganization of the General Athletic Products Company ("Respondent") in the Bankruptcy Court under Chapter XI of the Bankruptcy Act.

The events giving rise to this appeal are as follows. On December 18, 1975, the NLRB issued a complaint against the Respondent, charging it with unfair labor practices in violation of § 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* A hearing on this matter was held before an Administrative Law Judge. The Administrative Law Judge found that Respondent had committed unfair labor practices and recommended that certain of Respondent's employees be reinstated and awarded back pay. The NLRB affirmed the findings of the Administrative Law Judge and adopted his recommended order. *The General Athletic Products Company,* 227 NLRB 1565 (1978). The Sixth Circuit Court of Appeals ordered that the NLRB's decision be enforced.

When a controversy arose over the amount of back pay, to which some of Respondent employees were entitled, the matter was set for a hearing. The hearing was initially set for March 1, 1979, but as a result of several extensions and continuances, it was ultimately set for August 21, 1979.

On December 6, 1976, the proceeding from which this appeal directly flows was initiated when Respondent filed a petition under Chapter XI in Bankruptcy Court. Neither the NLRB nor any of Respondent's employees, who might have claims for back wages because of the unfair labor practice, was joined, as a creditor to the bankruptcy proceedings. The first meeting of creditors was held on January 25, 1977, and continued until June 16, 1977. Confirmation of Respondent's reorganization was filed on August 17, 1977. An order terminating the Bankruptcy Court's jurisdiction was filed on March 31, 1978.

On August 20, 1979, the Respondent filed an application with the Bankruptcy Court to reopen the bankruptcy proceedings. Respondent also moved for an injunction, enjoining the NLRB from conducting the hearing that was scheduled for the next day. The court granted both of these motions, ex parte. In its order, the court specifically enjoined the NLRB from further proceedings in the unfair labor practice case "until determination of this matter at a hearing to be set down by the court." It is from this order that the NLRB has appealed.

Upon appeal, the NLRB presents three arguments why the Bankruptcy Court's grant of injunctive relief should be reversed: (1) The Bankruptcy Court did not have jurisdiction to enjoin the NLRB; (2) Even if the Bankruptcy Court had jurisdiction, its Order of August 20th was granted in contravention of Rules 765 and 752 of the Rules of Bankruptcy Procedure; and (3) The Bankruptcy Court did not have personal jurisdiction over the NLRB.

I.

In *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23

(1944), the Court strongly suggested that the NLRB, rather than a bankruptcy court, has the jurisdiction to determine the amount of back pay, to which employees may be entitled as a result of an unfair labor practice.[1] The Court said, "It is the Board, not the referee in bankruptcy nor the court, that has been entrusted by Congress with authority to determine what measures will remedy the unfair labor practices." *Id.* at 30, 73 S.Ct. at 83.

Both before and after *Nathanson,* courts generally have held that matters relating to unfair labor practices are within the jurisdiction of the NLRB and not that of bankruptcy courts. For instance, in *National Labor Relations Board v. Baldwin Locomotive Works,* 128 F.2d 39 (3rd Cir.1942), the court held that:

> The jurisdiction of a United States District Court in bankruptcy does not embrace the power to treat with a debtor's unfair labor practices which affect commerce. Nor is such a court's leave to the Board to proceed in appropriate manner required.

*Id.* at 44. *See also, In re Brada Miller Freight Systems, Inc.,* 16 B.R. 1002, 1007–11 (N.D.Ala.1981).[2] *But cf. In re Unit Parts Co.,* 9 B.R. 380 (Bkrtcy.W.D.Okl.1981) (Under the Bankruptcy Reform Act of 1978, NLRB and bankruptcy court have concurrent jurisdiction over claims arising out of unfair labor practices.

However, the question presented by this branch of the NLRB's appeal is not resolved by reference to *Nathanson.* The Bankrupt-

cy Court did not attempt to assert jurisdiction over the unfair labor practice proceedings or the remedy phase of that proceeding. The court merely enjoined the NLRB from conducting a remedy hearing. Hence, the question is may a bankruptcy court enjoin an NLRB proceeding such as the present one?

Two recent Court of Appeals decisions have addressed an analygous situation: To what extent may a bankruptcy court, in Chapter XI reorganizations, stay unfair labor practice proceedings before the NLRB? *In re Bel Air Chateau Hospital, Inc.,* 611 F.2d 1248 (9th Cir.1979); *In the Matter of Shippers Interstate Service, Inc.,* 618 F.2d 9 (7th Cir.1980).[3] In each of these, the court determined that the automatic stay provision in Bankruptcy Rule 11–44 was not applicable to NLRB proceedings. However in each, the court analyzed the availability of the grant of a discretionary stay by the bankruptcy court. Although each court held that the bankruptcy courts exceeded their discretion by granting a stay, neither intimated that a bankruptcy court is without jurisdiction to exercise discretion in these instances. Indeed, in *Bel Air Chateau Hospital, supra,* the court said, "[i]f regulatory proceedings threaten the assets of the estate, the decision to issue a stay can then be made on a discretionary basis." 611 F.2d at 1251. This statement was quoted with approval in *Shippers Interstate Services, Inc., supra,* 618 F.2d at 13.

█ The grant of a stay is similar to the injunctive relief granted by the Bankruptcy Court in the present case. The effect of

---

**1.** Whether the NLRB or a bankruptcy court has jurisdiction over what would remedy an unfair labor practice was not the issue before the Court in *Nathanson.* The issue before the Court was whether back wages, which the NLRB determines are due, are a claim of the United States and thus entitled to a priority in a bankruptcy proceeding.

**2.** Neither of the cases relied upon by Respondent is contrary. *Local Union No. 59 of the Sheet Metal Workers International Association v. J.E. Workman, Inc.,* 343 F.Supp. 480 (D.Del. 1972) did not involve the question of a bank-

ruptcy court's jurisdiction over matters relating to unfair labor practices. In *Durand v. National Labor Relations Board,* 296 F.Supp. 1049 (W.D.Ark.1969), the court stated that a bankruptcy court does not have jurisdiction over unfair labor practices.

**3.** *See also, In re Brada Miller Freight Systems, Inc., supra* (applying Bankruptcy Reform Act of 1978). *But, cf. In re American Buslines,* 151 F.Supp. 877 (D.Neb.1957) (Bankruptcy court does not have authority to stay a representation hearing before the NLRB).

each is to prevent the NLRB from continuing an unfair labor practice proceeding. The authority of a bankruptcy court to issue discretionary stays and injunctive relief derives, in part, from the same section of the Bankruptcy Act, § 2a(15), 11 U.S.C. § 11(a)(15).[4] *See, In re Brada Miller Freight Systems, Inc., supra,* 16 B.R. at 1011–13; Advisory Committee's Note to Bankruptcy Rule 701. Accordingly, this Court holds that the Bankruptcy Court had jurisdiction to exercise its discretion and to grant the present injunctive relief.[5] In reaching this conclusion, we do not suggest that a bankruptcy court has jurisdiction to hear unfair labor practice complaints, or to decide what will remedy an unfair labor practice that the NLRB has found to exist. We merely conclude that a bankruptcy court has the jurisdiction to enjoin such a proceeding in some circumstances.[6]

## II.

The NLRB argues, in the alternative, that even if the Bankruptcy Court had jurisdiction, it did not follow the requisite procedures for granting injunctions. Therefore, the NLRB contends, the injunction must be vacated.

■ Bankruptcy Rule 765 provides that Rule 65 of the Federal Rules of Civil Procedure applies to the granting of injunctive relief in bankruptcy court. The NLRB was enjoined without notice or an opportunity to be heard. Rule 65(a) provides that no preliminary injunction shall be issued without notice to the adverse party. Rule 65(b) authorizes the grant of a temporary restraining order, under certain conditions, without such notice. Hence, the Bankrupt-

cy Court's injunction was proper only if it was a properly issued temporary restraining order. Accordingly, the Bankruptcy Court's order will be treated as such. Since the Bankruptcy Court's grant of injunctive relief is being treated as a temporary restraining order, it must be analyzed under Rule 65 of the Federal Rules of Civil Procedure.

■ Rule 65(b) provides, in pertinent part, "Every temporary restraining order granted without notice ... shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes ...." The temporary restraining order granted herein had no durational limitation. Temporary restraining orders, such as the present one, which do not state how long they will remain in effect, automatically expire after ten days. 11 Wright & Miller, Federal Practice and Procedure, § 2953; 7, pt. 2 Moore's Federal Practice ¶ 65.07.

The Bankruptcy Court entered a temporary restraining order on August 20, 1979. That restraining order automatically expired after ten days. In other words, the NLRB was not restrained by the Bankruptcy Court's order after August 30, 1979.

In light of this, the Court determines that it would not be appropriate to address the NLRB's arguments relating to Rules 765 and 752. Likewise, it would not be appropriate to address the NLRB's argument that the Bankruptcy Court lacked personal jurisdiction.

## III.

Having decided that the Bankruptcy Court had jurisdiction to enter the present

---

4. The Bankruptcy Reform Act of 1978 codified substantially the same language at 11 U.S.C. § 105(a).

5. The NLRB does not argue that the Bankruptcy Court abused its discretion in issuing the injunction; rather, it challenges the jurisdiction of the Bankruptcy Court to exercise that discretion at all. Consequently, we express no opinion on whether the Bankruptcy Court abused its discretion in granting the injunctive relief here.

6. In *Shippers Interstate Services, Inc.,* the court said such a stay could be imposed where a showing was made that "[t]he regulatory proceedings threatened the estate assets." 618 F.2d at 13. The NLRB does not argue that such a showing was not made herein, thus the Court expresses no opinion on that question.

order and that it had expired more than four years ago, this appeal is dismissed because the NLRB requests no relief other than the vacation of the restraining order.

The clerk will enter the proper judgment.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.