Gordon C. KNAPP, Plaintiff-Appellant,

v.

J. W. BANTA, Burton Banta, Frank Banta and Plaquemine Towing Corporation, Defendants-Appellees.

No. 14499.

United States Court of Appeals
Seventh Circuit.

June 29, 1964.

Robert L. Lansden, Lansden & Lansden, Cairo, Ill., for appellant.

Francis D. Conner, John M. Ferguson, East St. Louis, Ill., Wagner, Conner, Ferguson, Bertrand & Baker, East St. Louis, Ill., of counsel, for appellees.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is a tort action removed because of diversity to the district court. Plaintiff Gordon C. Knapp, a labor organizer for the National Maritime Union, sought to recover damages from defendants J. W. Banta, Burton Banta, Frank Banta, and Plaquemine Towing Corporation for alleged assault, conspiracy to assault, negligence, and willful and wanton conduct which resulted in plaintiff being shot in the arm. The district court, sitting without a jury, ruled that plaintiff failed to

prove his charges and that he was guilty of contributory negligence. Plaintiff appeals.

The principal issue is whether the district court's findings of fact and conclusions of law are erroneous.

The facts found by the district court are summarized as follows. Plaintiff three days before the shooting occurred went to the Peddie Barge Landing on the Ohio River near Cairo, Illinois, and boarded the Kishwaukee, a motor vessel belonging to defendants and skippered by Burton Banta, to discuss union organization with the crew.

Banta ordered plaintiff and the crew off the boat. Plaintiff left the vessel but remained on one of the barges brought in to the landing by the Kishwaukee. Banta followed plaintiff on to the barge with a butcher knife in an effort to make him leave.

The captain chased Knapp around the barge but plaintiff avoided him, aping and mimicking him. Banta reboarded the tug and attempted to unlash it from the landing. Plaintiff prevented him by whipping the end of the line in his face when he attempted to loosen the line.

The next morning plaintiff established a picket line on the shore adjacent to the landing. Banta went ashore under police escort and returned with three men and the escort. The Kishwaukee was removed from the landing.

Three days later the Kishwaukee with another tug and four barges returned to the landing. The picket line moved out on to the barges to prevent the crews on the vessels from removing the barges previously docked by the Kishwaukee. There were about thirty men picketing on the barges, some carrying clubs or iron pipes about eighteen inches in length (called "toothpicks").

As the vessels approached the men on the barges, J. W. Banta called out that they were going to pick up their gear and that they didn't want any trouble. In reply the men on the barges said they would stop them with the "toothpicks." One man on the tug fired a shot into the bulkhead of one of the barges and a fusillade of shots was fired over the pickets.

Plaintiff came out from in back of a capstan with a "toothpick" raised above his head and in close proximity to a deckhand who was tying the tow. One of the Bantas shot plaintiff in the arm. The crew then picked up the gear from the barge.

Plaintiff contends that the district judge was mistaken in weighing the evidence against him and that the judge erred in his ultimate conclusions concerning liability. The fallacy in plaintiff's argument is that although there may have been conflicting evidence which might have led to a different conclusion, this court should not reweigh the evidence and substitute its evaluation of the facts for that placed on them by the district court.

The district court's ultimate conclusions must stand unless we can say that the judge's findings were clearly erroneous or that he misapplied the law. An examination of the record supports his findings and conclusions.

Plaintiff urges that the district judge erred in failing to follow and apply the decision in NLRB v. National Organization Masters, 253 F.2d 66 (7th Cir. 1958), in which this court found that the actions of Knapp and the National Maritime Union in seeking members from the crews of J. W. Banta Towing Corporation and Plaquemine Towing Corporation were not unfair labor practices. Plaintiff overlooks the fact that different parties and issues were involved in that case.

Plaintiff also contends that the testimony of a witness, now deceased, given in the Labor Board hearing was inadmissible in the instant trial. We do not need to decide its admissibility because we are satisfied that there is substantial evidence to support the district court's findings without considering the challenged testimony. The error, if any, was harmless.

The judgment is affirmed.