**TAUBE ELECTRICAL CONTRACTORS, INC., a Florida corporation, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 349, AFL–CIO, Defendant.**

**No. 66–676–Civ–CA.**

United States District Court
S. D. Florida,
Miami Division.
Nov. 18, 1966.

Alan Douglas Greene, of Alan A. Bruckner Law Office, Miami, Fla., for plaintiff.

Allan M. Elster, of Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, Fla., for defendant.

OPINION

ATKINS, District Judge.

A motion to strike a defense of res adjudicata pleaded to an action brought under Title 29, U.S.C., § 187, hereinafter referred to as Section 303 of the Labor Management Relations Act, presents to this Court the question of whether a determination on the merits by the National Labor Relations Board that a complainant is not entitled to relief under Section 8(b) (4) of the Act precludes a suit in a United States District Court for the recovery of damages under Section 303.

On December 9, 1965, the plaintiff filed two charges with the National Labor Relations Board alleging violations under Sections 8(b) (4) (B) and 8(b) (4) (C). These charges were subsequently withdrawn with the approval of the Regional Director only to be filed at a later date wherein substantially the same alleged violations of Sections 8(b) (4) (B) and 8(b) (4) (C) were set forth. An investigation was conducted by the Regional Director which resulted in a finding that the evidence adduced during the investigation was insufficient to warrant the issuance of a complaint pursuant to Section 8(b) (4) (C) and except for one instance of picketing there was likewise an insufficiency of evidence to warrant the issuance of a complaint pursuant to Section 8(b) (4) (B). On May 11, 1966, an action for the recovery of money damages was brought in this Court by the complainant

under Section 303 of the Labor Management Relations Act.

The relationship that exists between these two sections of the Labor Management Relations Act was considered by the United States Supreme Court in International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275 (1952) under somewhat different circumstances. The following language contained in *Juneau* is apropos to a determination of the question presented in the instant case:

> "The fact that the two sections have an identity of language and yet specify two different remedies is strong confirmation of our conclusion that the remedies provided were to be independent of each other. Certainly there is nothing in the language of § 303(a) (4) which makes its remedy dependent on any prior administrative determination than an unfair labor practice has been committed. Rather, the opposite seems to be true. For the jurisdictional disputes proscribed by § 303(a) (4) are rendered unlawful 'for the purposes of this section only,' thus setting apart for private redress, acts which might also be subjected to the administrative process."

But, the defendant contends, Section 303(a) of the Act was amended in 1959 and the effect of that amendment is such that an administrative finding by the National Labor Relations Board is a prerequisite to a Section 303 suit. An examination of the 1959 amendment to the Act refutes that contention.

Prior to the amendment in question, Section 303 quoted verbatim the grounds contained in Section 8(b) (4). In 1959, Section 303 was amended to read "for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 8(b) (4) * *" It is worthy of note that Section 8(b) (4) was also amended in 1959. One may therefore assume, and assume he must for legislative history on this point is sparse, that the 1959 amendment to Section 303 was nothing other than a short-hand method utilized by Congress to specify the grounds that would give rise to a suit for damages under Section 303. Certainly language contained in the 1959 amendment does not indicate to the contra and the presence therein of the admonition "for the purpose of this section only" which was also contained in that statute prior to 1959, leads this court to conclude that the *Juneau* interpretation is as valid today as it was prior to 1959. Nor do the Fifth Circuit Court of Appeals decisions rendered subsequent to 1959 in Aircraft & Engine Maintenance, etc. v. I. E. Schilling Co., 340 F.2d 286 (5th Cir. 1965), and Aircraft & Engine Maintenance, etc. v. Oolite Concrete Co., 341 F.2d 210 (5th Cir. 1965), dictate a different result. The pronouncements found therein insofar as they consider the effect of a refusal by the general counsel to issue a complaint under a Section 303 suit do not support the proposition that the defense of res adjudicata can be successfully asserted as a defense to a Section 303 damage suit. While the former Fifth Circuit Court of Appeals decision indicates that the refusal by the general counsel to issue a complaint was not based upon a consideration of the merits of the charges, the record in the latter case clearly establishes that the general counsel's refusal to issue a complaint was based upon a finding that the activities complained of were not proscribed by Section 8(b) (4). Notwithstanding this fact, the Fifth Circuit Court of Appeals in the *Oolite Concrete Co.* case affirmed the trial court's decision to grant a motion to strike the defense of res adjudicata.

To conclude that a person aggrieved by allegedly proscribed unfair labor practices must first establish the merits of his case before the National Labor Relations Board prior to seeking redress in the United States District Courts would impose a rule of exhaustion of administrative remedies where no such rule can obtain. The remedies which can be granted by the administrative tribunal on the one hand are not con-

centric with those remedies that can be granted by the judicial tribunal on the other hand. *A fortiorari,* a determination by the administrative tribunal cannot preclude the judicial tribunal from giving relief where so authorized by Congress.

The motion to strike the defense of res adjudicata asserted in the defendant's answer is granted. An order in accordance with this decision has been entered.