**PAINTERS DISTRICT COUNCIL NO. 38, BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, AFL–CIO, Appellant,**

v.

**EDGEWOOD CONTRACTING COMPANY, Appellee.**

No. 24791.

United States Court of Appeals
Fifth Circuit.

Oct. 7, 1969.

Joseph Jacobs, Atlanta, Ga., for appellant.

Donald B. Smith, Marietta, Ga., Smith, Currie & Hancock, Atlanta, Ga., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge:

In this interlocutory appeal the issue for determination is whether the finding of the National Labor Relations Board that the appellant union violated section 8(b) (4) of the National Labor Relations Act, 29 U.S.C. § 158(b) (4), by conducting a secondary boycott is res judicata on the issue of that union's liability in a subsequent damage suit brought under section 303 (29 U.S.C. § 187).

The original suit was filed by appellee (Edgewood) on February 21, 1965, against Painters District Council No. 38 and the International Union.[1] Edgewood sought damages alleging Painters violated section 8(b) (4) when in August, 1964, it picketed Edgewood's construction project, causing employees of union-affiliated subcontractors to strike

---

1. Brotherhood of Painters, Decorators, and Paperhangers of America. The International was dismissed as a party because of insufficiency of service of process.

with the intent to force Edgewood to cease doing business with a non-union subcontractor.

At the time the events which gave rise to this action occurred, Edgewood filed a complaint with the NLRB (on September 1, 1964) charging that the activities constituted an unfair labor practice. After a full hearing the trial examiner determined that Painters had violated section 8(b) (4) and ordered it to cease and desist. Painters filed exceptions with the Board. The ruling was affirmed and the trial examiner's findings, conclusions and recommendations adopted.[2] No petition for review was filed with a court of appeals.

In the damage suit, after issue was joined in the District Court, Edgewood moved for a partial summary judgment, claiming that the decision of the Board was res judicata as to liability and that the issue to be tried was that of damages. The District Court ruled that Painters had been given a full hearing with ample opportunity, fully utilized, to develop its position, and that the Board's finding had been made while acting in a judicial capacity and was supported by substantial evidence. Based on these findings, and the belief that the court should not "perpetuate the possibility of inconsistent holdings resulting from dual litigation of the same issue between the same parties," the court concluded that the Board's determination that Painters was guilty of a secondary boycott was res judicata as to liability. We affirm.

The union makes no claim that it was denied a full and fair hearing before the trial examiner or that his decision, or the action by the Board, was arbitrary or capricious or that the Board's determination was unsupported on the record as a whole.

Section 303 of the Act makes it unlawful "for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b) (4) [§ 8(b) (4)]" and gives a cause of action for damages to "[w]hoever shall be injured in his business or property by reason [of] any [such] violation." 29 U.S.C. § 187 (1965). Prior to the 1959 amendment of section 303 it contained a separate list of unlawful activities. Even then, "[s]ection [8(b) (4)] and [section 303] are substantially identical in the conduct condemned," International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 243, 72 S.Ct. 235, 239, 96 L.Ed. 275, 281 (1952), and the identical words in the two sections were given the same meaning. International Bhd. of Electrical Workers Local 501 v. NLRB, 341 U.S. 694, 703, 71 S.Ct. 954, 95 L.Ed. 1299, 1306–1307 (1951). These constructions have been followed since the amendment. See e. g., Lescher Bldg. Serv., Inc. v. Local Union No. 133, Sheet Metal Workers International Ass'n, 310 F.2d 331 (7th Cir. 1962); Local 978, United Bhd. of Carpenters & Joiners v. Markwell, 305 F.2d 38 (8th Cir. 1962), where the courts stated that the law developed under section 8(b) (4) was to be consulted in a section 303 suit.

In United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the Supreme Court followed the more modern view that res judicata principles apply to administrative proceedings.

> Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.

384 U.S. at 421–422, 86 S.Ct. at 1559–1560, 16 L.Ed.2d at 660–661. In that case the Supreme Court found that the administrative agency was acting in a

---

2. 153 N.L.R.B. 797 (1965), CCH NLRB ¶ 9348.

judicial capacity, that the factual issues were properly before the agency, and that the parties had fair and full opportunity to argue their versions of the facts and opportunity to seek court review of adverse findings. In the light of these conclusions the Court held that there was neither need nor justification for a second evidentiary hearing on the matters already resolved between the parties. This approach of analysis of underlying factors which may—or may not—make res judicata applicable is consistent with the approach of Professor Davis.

> The unsound idea that res judicata does not apply to administrative determinations is gradually being replaced by the sound idea that res judicata properly applies to some administrative determinations and that degrees of relaxation of res judicata are often appropriate. The movement is toward a recognition that the reasons behind the doctrine of res judicata are fully applicable to some administrative proceedings, partially applicable to some, and not at all applicable to others.

2 Davis, Administrative Law, § 18.12 (Supp. 1965)[3]

■ The policy considerations which underlie res judicata—finality to litigation, prevention of needless litigation, avoidance of unnecessary burdens of time and expense—are as relevant to the administrative process as to the judicial. Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Local Union No. 584, 281 F.Supp. 971, 974 (E.D.N.Y. 1968). Nor is there any difference in the underlying principles because the administrative decision is sought to be given effect in a judicial proceeding.

■ In this case the District Court carefully analyzed the factors appropriate to guide it to a determination of whether the Board's factual findings

should be conclusive. The District Judge found that the Board had conducted a full hearing, with the present parties represented by counsel (the same counsel as in the instant action), with full opportunity to present evidence, and to call, examine and cross-examine witnesses. Both parties made oral arguments. There is only the pale shadow of an argument to us that there is any issue concerning liability that was undecided before the Board. This is the contention that since only the local union was a party to the unfair labor practice proceeding, and the instant suit charged that the local was acting as agent for the international union (as to which process was quashed), the local is deprived of the right to show it was acting as agent. But existence of agency is not a defense to liability of an agent for damages.

United Brick and Clay Workers v. Deena Artware, Inc., 198 F.2d 637 (6th Cir.), cert. denied, 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 694 (1952), antedated *Utah Construction* by fourteen years. And, in any event, it is not contrary to our conclusion. The Court of Appeals reviewed contemporaneously, and handed down decisions at the same time, on the Board's petition to enforce its order[4] and the union's appeal from a jury verdict against it in a section 303 damage suit. The Board order found the picketing in question to be on the part of another union, and the Board's enforcement order was based on that finding. Nevertheless the court affirmed the jury's verdict based on an inconsistent factual finding. Res judicata was not involved. In the damage suit the union's defenses were failure to state a claim, lack of jurisdiction and unconstitutionality of section 303. The issue for the Court of Appeals simply was whether at the appellate level it should set aside findings made by two finders of

---

3. See also Fibreboard Paper Products Corp. v. East Bay Union of Machinists, 344 F.2d 300 (9th Cir.), cert. denied, 382 U.S. 826, 86 S.Ct. 61, 15 L.Ed.2d 71 (1965).

4. NLRB v. Deena Artware, Inc., 198 F. 2d 645 (6th Cir.) cert. denied, 345 U.S. 906, 73 S.Ct. 644, 97 L.Ed. 1342 (1953).

fact because inconsistent.[5] What a court is to do about inconsistent fact findings on the same issue is a different problem from whether the courts lack power to prevent relitigation of the same issue in the first instance.

It is long-settled that a finding by the Board of an unfair practice is not a condition precedent to a civil suit for damages and that the two remedies are independent of each other. International Longshoremen's Union v. Juneau Corp., *supra*. But the matter of whether the two remedies may proceed contemporaneously, as in *Deena*, does not deny to a court power to apply principles of res judicata to previously litigated facts if the remedies proceed in tandem.[6]

Our conclusions are reinforced by a series of damage cases denying res judicata effect to Board determinations, not on the basis that the court lacks power to give such effect, but upon analysis leading in each instance to a conclusion that such effect is not to be given in the particular case. Aircraft & Engine Maintenance etc. Employees, Local 290 v. I. E. Schilling Co., 340 F. 2d 286 (5th Cir. 1965), cert. denied, 382 U.S. 972, 86 S.Ct. 528, 15 L.Ed.2d 464 (1966); Aircraft & Engine Maintenance etc. Employees, Local 290 v. Oolite Concrete Co., 341 F.2d 210 (5th Cir.), cert. denied, 382 U.S. 972, 86 S.Ct. 529, 15 L.Ed.2d 465 (1966); Fibreboard Paper Products Corp. v. East Bay Union of Machinists, 344 F.2d 300 (9th Cir.), cert. denied, 382 U.S. 826, 86 S.Ct. 61, 15 L.Ed.2d 71 (1965); Knapp v. Banta, 333 F.2d 746 (7th Cir. 1964); Purvis v. Great Falls Building and Construction Trades Council, 266 F.Supp. 661 (D.Mont.1967).[7] Though there is reference in Taube Electrical Contractors, Inc. v. INEW, 261 F.Supp. 664 (S. D.Fla.1966) to a Board "determination on the merits," it appears that the Board's investigation adduced evidence insufficient to warrant issuance of a complaint except for one instance of picketing.

The decision of the District Court is affirmed.

---

5. In a footnoted dictum in Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Local Union No. 584, 359 F.2d 598 at 603, footnote 7 (2d Cir. 1966), the Second Circuit refers to the two *Deena* cases with the statement that a prior administrative determination does not bind a court faced in a section 303 suit with the question of whether particular union activity violated section 8(b) (4). The statement does not focus on the matter as one of res judicata. The opinion antedated *Utah Construction*. In later proceedings the District Court considered whether the Board's determination should be binding and held that it should not, there being a substantial factual issue remaining to be tried. Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Local 584, 281 F.Supp. 971 (E.D.N.Y. 1968).

6. Cf. Tungsten Mining Corp. v. District 50 UMW, 242 F.2d 84 (4th Cir. 1957).

In that case the Court of Appeals assumed that the district judge, who had found for the union in a civil damage suit, had considered findings of fact by the Board to be not binding on him. But it reversed and remanded on the ground that the union was barred from offering as a defense in the damage suit the very evidence it had withheld from the Board.

7. *Purvis* points out that if the Board's order is based on full hearing and is enforced by a court it is merged in the court's decree and is to be treated as the decree of the court. For cases holding there may be no relitigation of matters embraced in the court decree, see NLRB v. Flora Construction Company, 354 F.2d 107 (10th Cir. 1965); NLRB v. Gass, 377 F.2d 438 (1st Cir. 1967). There was no enforcement by court decree in the instant case.