**INTERNATIONAL WIRE, Plaintiff,**

v.

**LOCAL 38, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., Defendants.**

**No. C70–368.**

United States District Court,
N. D. Ohio, E. D.

April 11, 1972.

Opinion on Renewal for Summary
Judgment June 5, 1972.

Louis S. Belkin, Belkin, Belkin & Goldstein, Cleveland, Ohio, for plaintiff.

Thurlow Smoot, Cleveland, Ohio, for defendants.

## MEMORANDUM

BEN C. GREEN, District Judge:

This is an action under the Labor Management Relations Act, with jurisdiction alleged pursuant to Section 303 thereof, 29 U.S.C. § 187. The complaint alleges that, prior to April 8, 1970, plaintiff sold a substantial quantity of an electrical product known as mineral insulated cable to the Electrolite Corporation, Inc. It is further alleged that:

7) Since on or about February 15, 1970, defendant Union acting through its agents and officers Gilbert Steele, Richard Acton, Mason Edwards, and Ralph Bauman has threatened, coerced and restrained the Electrolite Corporation, Inc. demanding that said The Electrolite Corporation, Inc. cease using, handling or installing said cable and accessories.

8) Since on or about April 9, 1970, the defendants have required, compelled, induced and encouraged employees of the Electrolite Corporation, Inc. to refuse during the course of their employment to handle, use, process or install said cable and accessories.

9) The object of the conduct of the defendants as set forth in paragraphs 7 and 8 above was, and continues to be, to illegally force and/or require said The Electrolite Corporation, Inc. and said employees and other persons to cease using, selling, handling and supporting, or otherwise dealing in the products of International Wire, the plaintiff herein.

Defendants have moved for summary judgment. Such motion is predicated upon the contention that the same facts which give rise to this action were presented to the National Labor Relations Board on a complaint of an illegal

**1020**

secondary boycott filed by International Wire, and that the Board found the Union was not guilty of a violation of Section 8(b)(4)(i)(ii)(B) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4)(i)(ii)(B). It is defendants' theory that such determination "is res judicata of all the issues in the Section 303 case under the same Labor Management Relations Act."

The broad question of the res judicata effect of administrative decisions in general, and rulings of the National Labor Relations Board in particular, is not entirely settled. See, Davis, Administrative Law, §§ 18.01–18.12, inclusive. In considering the same, however, it is clear that the line of authority represented by Thomas v. Consolidation Coal Co., 380 F.2d 69 (C.A.4, 1967), Aircraft and Engineering Maintenance, etc., Local 290 v. I. E. Schilling Co., 340 F.2d 286 (C.A.5, 1965) and Taube Electrical Contractors, Inc. v. IBEW, 261 F.Supp. 664 (S.D.Fla.1966), is irrelevant to the issue. In each of those cases the NLRB declined to take action on the complaint of an unfair labor practice. Hence, there was no final administrative decision which could support a claim of res judicata. Davis, Administrative Law, § 18.06.

In support of their position defendants rely upon the decisions of the Fifth Circuit Court of Appeals in Painters District Council No. 38, etc., v. Edgewood Contracting Co., 416 F.2d 1081 (1969) and H. L. Robertson & Associates, Inc. v. Plumbers Local Union No. 519, etc., 429 F.2d 520 (1970). In those actions the court, relying on the Supreme Court decision in United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), held that an NLRB decision was res judicata in a damage action predicated upon the same state of facts.

In *Painters District Council No. 38* the court adopted the District Court's findings that:

. . . the Board had conducted a full hearing, with the present parties represented by counsel (the same counsel as in the instant action), with full opportunity to present evidence, and to call, examine and cross-examine witnesses. Both parties made oral arguments. There is only the pale shadow of an argument to us that there is any issue concerning liability that was undecided before the Board. 416 F.2d 1081, 1084.

On the basis that "[t]he union makes no claim that it was denied a full and fair hearing before the trial examiner or that his decision, or the action by the Board, was arbitrary or capricious or that the Board's determination was unsupported on the record as a whole," 416 F.2d 1081, 1083, the court held the defendant was foreclosed from relitigating the NLRB's determination that it had engaged in a secondary boycott.

Similarly, in the *Robertson* decision, the court applied the rule of res judicata upon a finding that:

. . . the record in this case shows that the Board conducted a full hearing on the issue of the legality vel non of Local 519's activities at the jobsite, with the present parties represented at that hearing by counsel. It does not appear that there are any issues regarding the union's liability which were not decided by the Board or that there is evidence that the Board did not consider. 429 F.2d 520, 521.

The same rule of res judicata has been applied by the Ninth Circuit Court of Appeals in Paramount Transport Systems v. Chauffeurs, etc., Local 150, 436 F.2d 1064 (1971). The court, as did the Fifth Circuit, found support for its position in the Supreme Court ruling in United States v. Utah Construction & Mining Co., supra.

The validity of the rationale of the rule of res judicata was specifically recognized in Purvis v. Great Falls Building and Construction Trades Council, 266 F.Supp. 661 (D.C.Mont.1967), wherein the court stated that:

A tower of words can be constructed which would support the conclusion

that a cease and desist order of the National Labor Relations Board enforced by a court of appeals is res judicata and in some cases it may very well be. An order of the National Labor Relations Board based on a full hearing and merged in a court decree is required to be treated as a decree of the court.

On the facts of the action, however, the court found that res judicata should not apply, in that the cease and desist order issued upon a stipulation which did not contain any admission of violation of the federal labor laws.

Of a similar import is the holding in Fibreboard Paper Products Corp. v. East Bay Union of Machinists, Local 1304, 344 F.2d 300 (C.A.9, 1965). In that ruling the court foreshadowed its acceptance of the theory of res judicata, as enunciated in the *Paramount Transport Systems* decision some six years later. While stating, in dictum, that the rule of res judicata might be applicable in relation to some administrative decisions, the court found that there was not a substantial identity of issues as between the civil litigation and the prior unfair labor practice charges adjudicated by the NLRB.

As those courts which have applied the rule of res judicata to decisions of the NLRB have done so in partial reliance on the Supreme Court decision in United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), it is well to examine that holding.

In that action the company, a contractor for the construction of a facility for the Atomic Energy Commission, brought suit under the Tucker Act, 28 U.S.C. § 1346(a)(2), based upon alleged multiple breaches of its contract. Prior thereto, in accordance with the controlling terms of the contract (referred to as the "disputes" clause), the contractor's claims had been submitted to administrative processing. In that proceeding hearings were held and determinations of fact made. The administrative body, in the main, denied the contractor's claims. However, while denying a claim for additional compensation the board found one delay involved to be the result of difficulties inherent in a new field of construction rather than the fault of either party, and granted the contractor an extension of time for a portion of the contract.

Pursuant to the Wunderlich Act of 1954, 41 U.S.C. § 321, determination of disputes required to be submitted to administrative appeal "shall be final and [binding] unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence." In the Court of Claims it was held that certain of the contractor's claims were foreclosed from de novo consideration by the provisions of the Wunderlich Act. However, it was further held that certain other of the claims seeking damages arising from delays alleged to have been occasioned by government action were not "disputes" within the context of the contract clause requiring "disputes concerning questions of fact arising under this contract" to be submitted to the administrative procedures. As to those aspects of the contractor's action the Court of Claims held that it could exercise de novo jurisdiction.

In the Supreme Court it was urged on behalf of the government that the "disputes" clause was all-inclusive of any dispute relating to the contract. The court rejected that position on the basis that the administrative board "lacked authority to consider delay damages". However, the court further found that the board "did have authority to consider the requests for extensions of time under Articles 4 and 9, and these requests called for an administrative determination of the facts". 384 U.S. 394, 418, 86 S.Ct. 1545, 1558. Based upon the finding that the administrative board did have authority to consider the

facts regarding the alleged delays, the Supreme Court held that:

> Such findings, if they otherwise satisfy the standards of the Wunderlich Act, are conclusive on the parties, not only with respect to the Articles 4 and 9 claims but also in the court suit for breach of contract and delay damages. 384 U.S. 418–419, 86 S.Ct. 1558.

While the court's decision was controlled by the statutes under consideration, the Supreme Court made the point that the same result would have been reached in the absence thereof. It was stated that:

> Although the decision here rests upon the agreement of the parties as modified by the Wunderlich Act, we note that the result we reach is harmonious with general principles of collateral estoppel. Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. [citations omitted]

> In the present case the Board was acting in a judicial capacity when it considered the Pier Drilling and Shield Window claims, the factual disputes resolved were clearly relevant to the issues properly before it, and both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings. There is, therefore, neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties. 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1560.

■ It would thus appear that the Supreme Court has ruled that the principles of collateral estoppel and res judicata may, in proper circumstances, be applied to administrative decisions as related to subsequent court actions. The Sixth Circuit has recognized the general applicability of that rule in an action involving an NLRB decision, holding, however, that under the facts of the action the imposition thereof was not warranted. Tipler v. E. I. duPont deNemours and Co., 443 F.2d 125 (1971).

In the *Tipler* case the plaintiff brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging a racially discriminatory discharge from his employment. Prior thereto:

> . . . appellee filed a charge with the National Labor Relations Board (NLRB), alleging in general terms that he had been fired in violation of Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act. In an amended charge he specified that appellant had discharged him because of his union activities. Following an extended evidentiary hearing, the NLRB Trial Examiner found that appellee was dismissed for cause and not because of the personal vengeance of appellant's foreman, and recommended that appellee's claim be dismissed. The NLRB accepted the Trial Examiner's findings and recommendation. 443 F.2d 125, 127.

In the Court of Appeals it was urged that the plaintiff "is precluded by res judicata and collateral estoppel from asserting that he was discharged because of racial prejudice since the cause of his discharge was previously litigated by the NLRB".

The court first noted the distinction between the "frequently confused" rules of collateral estoppel and res judicata, observing that "application of the doctrine of res judicata necessitates an identity of causes of action, while the invocation of collateral estoppel does not", and that under collateral estoppel the parties are bound "only as to those matters or points which were in issue or controverted and upon the determination of which the initial judgment necessari-

ly depended". 443 F.2d 125, 128. The court then stated that:

> Neither collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice. Title v. Immigration and Naturalization Service, 322 F.2d 21 (9th Cir. 1953); Matias Rivera v. Gardner, 286 F.Supp. 305 (D.P.R. 1968); Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Local Union No. 584, 281 F.Supp. 971 (E.D.N.Y.1968); 1B Moore's Federal Practice ¶0.405 [12], at 791; 2 K. Davis, Administrative Law Treatise § 18.02, at 548 (1958).

> It is now accepted that both res judicata and collateral estoppel can be applicable to decisions of administrative agencies acting in a judicial capacity. United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); Painters District Council No. 38 v. Edgewood Contracting Co., 416 F.2d 1081 (5th Cir.1969); Pacific Seafarers, Inc. v. Pacific Far East Line, Inc., 131 U.S.App.D.C. 226, 404 F.2d 804 (D.C.Cir. 1968), cert. denied, 393 U.S. 1093, 89 S.Ct. 872, 21 L.Ed.2d 784 (1969); Fairmont Aluminum Co. v. Commissioner of Internal Revenue, 222 F.2d 622 (4th Cir.), cert. denied, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955); 2 K. Davis, Administrative Law Treatise § 18.02, at 609 (Supp.1970). Cf. Safir v. Gibson, 432 F.2d 137 (2d Cir.), cert. denied, see 400 U.S. 850, 91 S.Ct. 57, 27 L.Ed.2d 88 (1970). 443 F.2d 125, 128.

Having accepted the rule of law reflected by the foregoing quotation, the court held that "in the instant action it would be inappropriate to apply either" the doctrine of res judicata or collateral estoppel. That conclusion was predicated upon the finding that "the NLRB hearing did not adequately consider the factors necessary for a Title VII violation".

The NLRB hearing was concerned with "the question whether the appellee's union activities led to his discharge", and "did not fully explore the racial aspects of the case", which underlay the Title VII action. 443 F.2d 125, 129.

The *Tipler* decision seriously undercuts plaintiff's contention that the Sixth Circuit Court of Appeals has rejected the application of res judicata and/or collateral estoppel to decisions of the NLRB. In support of that position plaintiff relys on the following language found in the decision in Riverton Coal Co. v. United Mine Workers, 453 F.2d 1035 (C.A.6, 1972):

> We do not regard the decisions of the [National Labor Relations] Board as controlling on us in damage actions under Section 303. International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275 (1952); United Brick & Clay Workers v. Deena Artware, Inc., 198 F.2d 637 (6th Cir. 1952), cert. denied, 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 694 (1952), rehearing denied, 344 U.S. 919, 73 S.Ct. 346, 97 L.Ed. 708 (1953); NLRB v. Deena Artware, 198 F.2d 645 (6th Cir. 1952), cert. denied, 345 U.S. 906, 73 S.Ct. 644, 97 L.Ed. 1342 (1953); Old Dutch Farms, Inc. v. Milk Drivers, 281 F.Supp. 971 (E.D.N.Y.1968).

In the Court's opinion, the foregoing may easily be reconciled with the holding in the *Tipler* case. In *Tipler,* the rule which was adopted was a flexible one, proceeding from the premise that "neither collateral estoppel nor res judicata is rigidly applied". That is essentially the same concept reflected by the ruling of the Fifth Circuit in the *Painters District Council No. 38* case, cited with approval by the Sixth Circuit in *Tipler,* that a party's right to relitigate issues previously determined in an administrative proceeding must be determined upon analysis of the factors relating to the nature and extent of the administrative proceeding.

This Court believes that the import of the *Riverton Coal* decision represents a repudiation of a *per se* concept of finality being accorded administrative rulings in every instance, and is not a rejection of the individual applicability of collateral estoppel or res judicata to a particular case. That conclusion is reinforced by the Sixth Circuit citation of Old Dutch Farms, Inc. v. Milk Drivers, 281 F.Supp. 971 (E.D.N.Y.1968) in both *Tippler* and *Riverton Coal*. In the *Old Dutch Farms* decision the court's ruling was controlled by the following view of the law:

> Although there is language in some of the cases to the effect that the principles of *res judicata* and collateral estoppel are inapplicable to administrative proceedings, such language is certainly too broad. The policy considerations favoring finality to litigation, the prevention of needless duplication, and the avoidance of additional burdens in time and expense are as relevant to the administrative as to the judicial process. See, United States v. Utah Const. & Mining Co., 384 U.S. 394, 420, 86 S.Ct. 1545, 1559, 16 L. Ed.2d 642 (1966); International Union of Mine, Mill and Smelter Workers, Local No. 15 v. Eagle-Picher Mining & Smelting Co., 325 U.S. 335, 340, 65 S.Ct. 1166, 1168, 89 L.Ed. 1649 (1945). Furthermore, complete disclosure at the administrative level should be encouraged. United States v. Utah Const. & Mining Co., supra. Thus, "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." United States v. Utah Const. & Mining Co., supra, 384 U.S. at 422, 86 S.Ct. at 1560.

> Where there is some good reason for a new judicial inquiry into the same facts, however, the courts will not view the administrative findings as final. See, United States v. Utah

Const. & Mining Co., supra at 421 n. 18, 86 S.Ct. at 1559 n. 18. Indeed, they appear in accord with Professor Davis's view that the doctrine of *res judicata* should be used when the reasons for it are present in full force, modified when such modification is needed, and rejected when the reasons against its use outweigh those in its favor. 2 Davis, Administrative Law § 18.02 at 548 (1958). The crucial issue upon this motion, therefore, is whether there is some factor present either in the prior proceedings or the nature of an action under § 303 which militates against the application of the doctrine.

In *Riverton Coal* the court found that there were factors present in the administrative proceedings which negated the conclusive effect of the administrative decision.

Having determined that collateral estoppel may be invoked against the plaintiff herein, it does not necessarily follow that defendants are entitled to an entry of summary judgment at this juncture.

■ From the Court's review of the controlling law, it is clear that whether collateral estoppel should be applied in any given case depends upon many factors, basically revolving around the nature of the administrative decision and the adequacy of the fact finding procedures utilized therein.

Rule 56(e) of the Federal Rules of Civil Procedure dictates that a summary judgment may be entered only on the basis of an affirmative showing by way of affidavits, exhibits, or otherwise, that there is no genuine issue for trial.

■ In defendants' brief it is asserted that the same issues as are involved in this lawsuit were before the NLRB. It is further asserted that the same counsel as represent the parties herein participated in a three-day hearing before a Trial Examiner, producing a 565-page transcript. It is further asserted that voluminous briefs were filed before the Examiner, who ruled, on March 9, 1971, in favor of the union. It is then

stated that, following exceptions to the Examiner's recommendations by the company, the Labor Board, on June 25, 1971, issued its decision dismissing the complaint.

However, the only exhibit submitted on behalf of defendants is a summary of the Board's decision as contained in a labor-reporting service.

On the basis of that meager record, not supportive of the representations made by way of brief, the Court does not believe that a summary judgment can be granted. While it may not be necessary to introduce into this record every word spoken and written in the NLRB proceedings in order to satisfy the burden of demonstrating that plaintiff should be estopped from proceeding in this action, defendants certainly must make a more substantial showing, in conformity with Rule 56, F.R.C.P., than has been done.

Defendants' motion for summary judgment will be denied, without prejudice to a renewal thereof properly supported in accordance with Rule 56, F.R.C.P.

## ON RENEWED MOTION FOR SUMMARY JUDGMENT

On April 11, 1972 this Court entered a memorandum opinion denying, without prejudice, defendants' motion for summary judgment. The question raised by that motion was whether plaintiff's claim was barred by *res judicata*. The Court held that while the doctrine of *res judicata* applied to the instant case defendants had not made a sufficient showing of identity between the issues determined between these same parties in proceedings before the NLRB and the issues raised herein.

Defendants have now renewed their motion for summary judgment. The renewed motion is supported by copies of substantial portions of the proceedings before the Labor Board, including the decisions of the Trial Examiner and the NLRB.

In opposition to the renewed motion, plaintiff continues to contend that *res judicata* does not apply herein. That issue has already been determined. Plaintiff also argues that the administrative decision is not supported by substantial evidence.

Having considered defendants' submission, the Court finds that the issues before the Labor Board and the issues of this action are the same, a fact which is tacitly admitted by plaintiff. The Court further is of the opinion that the administrative decision has not been shown by defendant to be unsupported by substantial evidence. There is no contention that plaintiff was denied a full and fair hearing on the administrative level.

It therefore follows that the ruling of the NLRB is *res judicata* as to the issues of this action, and that defendants are entitled to the entry of summary judgment in their favor dismissing plaintiff's complaint.

It is so ordered.