OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes this application to restrain and enjoin the respondents from compelling petitioner to return to work pending the determination of an improper practice charge now pending before the Public Employment Relations Board (PERB).
Petitioner is the president of the Westchester Chapter of the Civil Service Employees Association, Local 860. He has been serving in such capacity since February 6,1975. Prior thereto, he was hired by the City of White Plains as an assistant engineer in the Department of Public Works. Although he has been receiving full salary as an assistant engineer, he has been devoting his entire time since February 6, 1975 to administering the affairs of the union.
On October 24,1978, petitioner was ordered to report for work as an assistant engineer on a full-time basis. Petitioner refused claiming that it was a term and condition of employment that he devote his full time to the union, a *524 practice which had been in effect for three years and eight months. An improper practice charge was thereupon filed with PERB and this proceeding was instituted to restrain enforcement of the “back to work” order pending a determination of the improper practice charge. Petitioner contends that irreparable harm will result to the members of the union if he is not allowed to give them his full time.
Respondents contend (1) that the Public Employees’ Fair Employment Act commonly referred to as the “Taylor Act” precludes court intervention to interrupt governmental operations and that exclusive jurisdiction of this dispute is relegated to PERB, (2) that petitioner has failed to demonstrate such irreparable injury as to justify the drastic remedy of injunctive relief (3) that petitioner has failed to establish a clear legal right to the ultimate relief sought and (4) that a balancing of the equities requires a denial of the application.
The court cannot agree with respondents’ first contention that the “Taylor Act” entirely pre-empts court intervention. The inherent power of a court of equity to preserve the status quo and to prevent the infliction of irreparable injury pending final determination of disputes between litigants is traditional. (Chiseri v Common Council of City of Peekskill, 54 AD2d 705; Matter of Borders v Nassau County Dept. of Social Servs., 34 AD2d 805; Taube Elec. Contrs. v International Brotherhood of Elec. Workers, 261 F Supp 664.) The preliminary injunction will not infringe upon the exclusive jurisdiction of PERB nor grant plenary remedies beyond those authorized by statute. It merely provides a holding pattern to insure a full application of that exclusive jurisdiction to the respective rights of the parties unadulterated by intervening irreparable damage. The cases relied upon by respondents are inapposite and rather deal with situations where the jurisdiction itself is either interfered with or attempted to be enlarged.
As to the issue of irreparable injury, petitioner claims that if he is unable to administer the affairs of the union, irreparable harm will result to the members. He alleges that he must handle the grievances of employees, work on the language of the collective bargaining agreement, for *525 muíate proposals for collective bargaining, attend disciplinary hearings and process workers’ compensation claims. Respondents refute all of these allegations claiming that only two grievances were processed in each of the years 1977, 1978 and any future grievances can be heard after working hours or handled by designated shop stewards; that no time is needed to formulate proposals for collective bargaining because a new three-year agreement has just been concluded; that attendance at disciplinary hearings is unnecessary because the union provides a lawyer to represent the charged members and petitioner’s attendance could only add moral support and that no involvement is needed in workers’ compensation matters which are resolved by the compensation court wherein the injured party is represented by counsel. Prior to the time that petitioner took office, all union matters were handled on a part-time basis by employees who performed their regular work duties. Therefore, not only is there serious dispute as to whether there are urgent matters which must be attended to, but there is also serious question as to whether full time is required to perform the necessary duties. Petitioner is being paid a salary of $18,020 to perform the functions of an engineer. An engineering degree is not required to run the union. If the administrative functions of the union can be performed during nonworking hours or on a part-time basis or by a less-salaried employee, it would be an improvident exercise of power by this court to compel the City of White Plains to pay an engineer’s salary for the performance of those duties. Regardless of who performs the duties and when they are performed, the union members cannot complain and no irreparable harm can result. Petitioner fails to convince this court that the full-time services of an engineer are required to administer the union and that if such services are not supplied, irreparable harm will result.
The next consideration is the existence of a clear legal right to the ultimate relief sought. Petitioner bases his claim of an unfair labor practice on an alleged term and condition of employment orally made as a gentlemen’s agreement that he was to devote his full time to union affairs. This agreement is claimed to have been unilater *526 ally violated when petitioner was ordered to perform his duties as an engineer. It is conceded that the issue of the president’s time off was actively negotiated prior to the formal execution of all union contracts since the year 1970. All of these negotiations resulted in formal contracts which denied the president full time off to conduct union business. It frustrates the very purpose and function of formal agreements to invoke and enforce oral understandings. If a formal agreement usually finalized after extensive, protracted and oftentimes bitter negotiations can be varied by oral understandings, then the whole process of collective bargaining will be undermined. The court cannot sanction so-called gentlemen’s agreements made with the avowed purpose of concealing special advantages, afforded certain public employees, which are denied to others. Unions should insure the same equal treatment to its members as the court insures to its litigants.
The fact that petitioner was permitted to devote full time to union affairs for a period of three years and eight months does not create a term and condition of employment. It is, in fact, a term and condition of unemployment. A license to perform certain acts does not vest legal rights and can be terminated at will. The City of White Plains at no time accepted the petitioner’s conduct and the unilateral continuation of such conduct by the petitioner can be unilaterally terminated by the respondents.
There is grave doubt that petitioner can succeed with his charge of an unfair labor practice. In the absence of a clear legal right to the relief demanded and a demonstration of ensuing irreparable injury, the drastic relief of preliminary injunction may not be granted. (Cohen v Department of Social Servs. of State of N. Y., 37 AD2d 626, affd 30 NY2d 571.)
There remains for consideration whether a balancing of the equities also requires a denial of the injunction. The damage which may be sustained at this juncture by the members of the union after full negotiation and execution of a three-year contract cannot be as serious as the substantial monetary loss which will be imposed upon the public for each day that it must pay petitioner’s salary *527 while receiving no services therefor. This loss is irretrievable. When the loss to the party sought to be enjoined is far more serious and irreparable then the loss to the moving party, injunctive relief must be denied. (Nielsen v Corbo, 35 AD2d 580; John Aquino, Inc. v Luigi Bosca & Figlia, 241 App Div 760.)
Although aggressive action by unions is necessary to achieve better working conditions, the degree of such protestation should be measured by the ability of the public to endure the burden of payment. The City of White Plains has been found by national survey to be one of the most expensive cities in which to live. In an age of public rebellion against municipal spending and general revolt by taxpayers, unions should proceed with greater caution and with measured step.
Respondents’ motion to dismiss the petition for lack of jurisdiction is denied.
Petitioner’s application for a preliminary injunction is denied and the temporary restraining order is vacated.
Respondents’ application for the filing of an undertaking is denied as moot.