**Eleuterio CASTILLO, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD OF the UNITED STATES of America, Respondent.**

**No. 83–4484**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1984.

Roger L. Moore, El Paso, Tex., for petitioner.

Railroad Retirement Bd., Steven A. Bartholow, Stanley Jay Shuman, Chicago, Ill., for respondent.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In 1975 appellant Eleuterio Castillo applied to the Railroad Retirement Board of the United States ("the Retirement Board") for a disability annuity. In order for Castillo to have been eligible he would have had to be permanently disabled for all regular employment for hire and have completed 120 or more months of service. The Retirement Board refused his claim for a disability annuity. It verified that he had 137 months of service, 80 months of railroad time and 57 months of military service, but found that Castillo was not permanently disabled for regular work. Castillo appealed that decision to an Appeals Referee, who affirmed both the findings of 137 months of service and no permanent disability for all regular work.

In 1981, Castillo applied to the Retirement Board for a retirement annuity on the basis of having 137 months of eligible service. The Bureau of Retirement Claims ("the Bureau") found that Castillo had only 105 months of eligible service, and denied his claim since one must have at least 120 months of service to be eligible for a retirement annuity. Although making no claim the law had been changed, the Bureau found that Castillo had only 25 months of creditable military service, rather than the 57 months earlier determined by the Retirement Board. The Appeals Referee sustained the Bureau's finding, and in 1982 the Railroad Retirement Board adopted the decision of the Appeals Referee. Castillo appeals to this Court. We reverse the 1982 decision of the Retirement Board, and hold that it is bound by its 1975 determination that Castillo had 137 months of creditable service.

In *Southern Pacific Railroad Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897), the Supreme Court wrote that

a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively es-

tablished, so long as the judgment in the first suit remains unmodified.

If the second action involves a different cause of action, the prior judgment may be held conclusive as to those matters which were actually put in issue, litigated, and necessarily decided in the first action. *Garner v. Giarrusso,* 571 F.2d 1330, 1336 (5th Cir.1978).

Although those principles were enunciated in the context of judicial, not administrative, proceedings, in *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559, 16 L.Ed.2d 642 (1966), the Supreme Court wrote, "[W]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." As we explained in *Painters District Council No. 38 v. Edgewood Contracting Co.,* 416 F.2d 1081, 1084 (5th Cir.1969),

> [t]he policy considerations which underlie res judicata—finality to litigation, prevention of needless litigation, avoidance of unnecessary burdens of time and expense—are as relevant to the administrative process as to the judicial. Nor is there any difference in the underlying principles because the administrative decision is sought to be given effect in a judicial proceeding. (Citations omitted.)

*See* the effective presentation of the role of res judicata in adjudicatory administrative proceedings in Gellborn, Byse & Strauss, *Administrative Law, Cases and Comments,* 400–410 (7th Ed.1979).

■ The contested fact in this case was adjudicated by an administrative agency, as a fact that was in issue as one of the two requisites to plaintiff's eligibility for disability benefits. The Retirement Board and the Appeals Referee both verified that Castillo had served 137 months of creditable service. The Board cannot now abandon its prior determination as to this claimant to defeat his retirement claim. The issue has been adjudicated. The Retirement Board was acting in a judicial capacity when it determined in 1975 that Castillo had 137

months of service. There is no claim that there was an inadequate opportunity to litigate the number of eligible months of service at that time.

The effect of the 1975 holding of the Retirement Board was to impart to Castillo the knowledge that while he could not establish disability at that time, he had established the requisite service for his retirement annuity when he reached the retirement age. The attempt of the Retirement Board now to renege on that adjudication cannot be countenanced to the obvious serious detriment of the appellant. We therefore hold that the Railroad Retirement Board is bound by its 1975 adjudicated determination upon which Castillo was entitled to rely.

REVERSED.